FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 02, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINE MIKALSON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> WHITMAN COUNTY, a Washington County, and EUNICE COKER, an individual, <br><br> Defendants. | No.   2:18-CV-00141-SMJ <br><br> **SCHEDULING ORDER** |

A telephonic status conference was held in the above-entitled matter on **June 28, 2018**. Spencer Nathan Thal appeared on behalf of Plaintiff. Sean Harkins appeared on behalf of Defendants. A Joint Status Certificate, ECF No. 10, was filed by the parties. The Court, having reviewed the documents in the file and discussed the adoption of a scheduling order with counsel, now enters the following Scheduling Order. The dates set forth in this Order may be amended **only** by Order of the Court and upon a showing of good cause.

**IT IS ORDERED:**

**1.    Answer to Complaint**

The **answer** to the complaint shall be filed no later than **July 12, 2018**.

ORDER **-** 1

**2.    Joint Status Report Re: Mediation**

The Parties are instructed to meet and confer with respect to mediation specifically, whether early mediation would be beneficial to the parties or if the parties would benefit if the Court should set a later date after discovery. A joint status report shall be filed no later than **July 12, 2018**.

**3.    Rule 26(a)(1) Exchange**

The Parties shall exchange Federal Rule of Civil Procedure 26(a)(1) material no later than **August 1, 2018**.

**4.    Mediation by Federal Magistrate Judge**

If the parties would like to pursue mediation before a Federal Magistrate Judge at an earlier date, the parties shall file an appropriate motion with the Court.

Further, if the parties elect to engage in private mediation, the mediation must be **completed** no later than ninety (90) days prior to trial.

**5.    Add Parties, Amend Pleadings, and Class Certification**

Parties shall, no later than **March 8, 2019,** file any documents related to the amendment of pleadings or the addition of parties. Additionally, parties shall file any motion for class certification by no later than **March 8, 2019**.

//

//

//

**6.    Rule 26(a)(2) Expert Identification and Reports**

*A.*    **Generally**

Parties are warned that failure to timely identify experts and provide reports in accordance with Rule 26 and this scheduling order may result in exclusion of such testimony absent good reason. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005). Additionally, Rule 26(a)(2) reports shall be emailed to the Court at MendozaOrders@waed.uscourts.gov.

*B.*    **Plaintiff - Initial Expert Identification**

Plaintiff shall identify experts, serve those experts' Rule 26(a)(2) reports on Defendants, and email the Rule 26(a)(2) reports to the Court no later than **November 27, 2018**. Plaintiff shall also provide dates for which those experts can be available for deposition. Counsel is then directed to file a Notice with the Court indicating their compliance with this Scheduling Order's Rule 26(a)(2) requirements.

*C.*    **Defendant - Initial Expert Identification**

Defendants shall identify experts, serve those experts' Rule 26(a)(2) reports on Plaintiff, and email the Rule 26(a)(2) reports to the Court no later than **December 27, 2018**. Defendants shall also provide dates for which those experts can be available for deposition. Counsel is then directed to file a Notice with the

ORDER **-** 3

Court indicating their compliance with this Scheduling Order's Rule 26(a)(2) requirements.

### D.  Plaintiff - Rebuttal Expert Identification

Plaintiff shall identify rebuttal experts, serve those experts' Rule 26(a)(2) reports on Defendants, and email the Rule 26(a)(2) reports to the Court no later than **January 10, 2019**.  Plaintiff shall also provide dates for which those experts can be available for deposition.  Counsel is then directed to file a Notice with the Court indicating their compliance with this Scheduling Order's Rule 26(a)(2) requirements.

**7.    Discovery Cutoff**

*A.*    **Generally**

All discovery, including depositions and perpetuation depositions, shall be completed by **February 22, 2019** ("Discovery Cutoff").  The parties shall not file discovery on CM/ECF except those portions necessary to support motions or objections.

*B.*    **Interrogatories, Requests for Production/Admission**

All interrogatories, requests for production, and requests for admission shall be served on the opposing party no later than seventy (70) days prior to the Discovery Cutoff.  Requests for Production shall be limited to thirty (30)

ORDER **-** 4

Requests, including subsections. A party needing relief from this limitation should seek relief from the Court by motion.

### C. Protective Orders

All motions for protective orders must be filed and served no later than forty (40) days prior to the Discovery Cutoff.

### D. Motions to Compel

All motions to compel discovery must be filed and served no later than thirty (30) days prior to the Discovery Cutoff.

## 8. Notice of To-Be-Adjudicated Claims and Affirmative Defenses

Each party shall file and serve a notice **no later than one week after the discovery cut-off** indicating which previously-plead claims and/or affirmative defenses will be adjudicated at trial.

## 9. Dispositive/Daubert Motions

### A. Generally

All dispositive and *Daubert* motions shall be **FILED AND SERVED** on or before **April 23, 2019**. Responses and replies to dispositive and *Daubert* motions shall be filed and served according to Local Rule 7.1. No supplemental responses or supplemental replies to any dispositive or *Daubert* motion may be filed unless the Court grants a motion to file such documents.

ORDER **-** 5

### B. Statement of Uncontroverted Facts

The parties shall also file a Joint Statement of Uncontroverted Facts **no later than three (3) days** (excluding federal holidays and weekends) after service of the reply, with a courtesy copy e-mailed to MendozaOrders@waed.uscourts.gov.

### C. Notice of Hearing

Dispositive and *Daubert* motions shall be noted for hearing at least **fifty (50) days** after the date of filing. The parties will receive only one hearing date per month for dispositive motions of up to five (5) issues per party.

## 10. Certification to the State Supreme Court

Parties must identify any issue of liability or damages which should be certified to the State Supreme Court no later than the date for the filing of dispositive motions.

## 11. Motion Practice

### A. Notice of Hearing

All matters requiring Court action must be filed and noted for hearing in accordance with Local Rule 7.1. This includes stipulated or agreed motions and proposed orders. If a party seeks oral argument, counsel shall contact the Courtroom Deputy at 509-943-8173 to obtain a hearing date and time. **Absent**

ORDER **-** 6

**exceptional circumstances, all hearings with oral argument will occur in Court and not by telephone or video conference.**

### B.  Witness Testimony

At any hearing, including trial, in which witness testimony is given, the witness must testify in Court and may not appear by telephone or video conference, absent exceptional circumstances.

### C.  Citing Previously-Filed Documents

When a party references a document previously filed with or by the Court, that party shall cite to the document by the record number given to the document by the Clerk of the Court (e.g. ECF No. 43).  Furthermore, because the Court is able to easily review previously-filed court records, no such documents shall be attached as exhibits to any filing.

### D.  Reliance on Deposition Testimony

When a party relies on deposition testimony to support a position it takes in support or opposition to an issue, that party shall provide the Court with only the pertinent excerpts of the deposition testimony relied upon and shall cite to page and line numbers of the deposition it believes supports its position. *See generally* LR 56.1(e).  Submission of the entire deposition and/or failure to cite to specific portions of the deposition may result in the submission being stricken from the record. *See Orr v. Bank of America*, 285 F.3d 764, 774-75 (9th Cir. 2002).

ORDER **-** 7

In addition, if both parties submit excerpts from the same deposition, they shall meet and confer to develop a "master" deposition submission, which identifies for the Court the deposition excerpts relied upon by each party. Plaintiff shall highlight excerpts in yellow, and Defendants shall highlight excerpts in blue; testimony relied up on by both parties shall be underlined. Master deposition submissions shall be filed no later than three (3) days after service of the reply.

### E.    Supplemental Responses or Replies

No supplemental responses or supplemental replies to any motion may be filed unless the Court grants a motion to file such documents.

### F.    Motions to Reconsider

Although Motions to Reconsider are disfavored, any Motion to Reconsider shall be filed no later than fourteen (14) days after the filing date of the Order which is the subject of the motion, and shall be noted for hearing **without oral argument.** No responses or replies to Motions to Reconsider shall be filed unless the Court expressly requests responses or replies. Counsel shall follow Civil Rule 7(h) of the Local Rules for the United States District Court for the **Western District of Washington**. **Motions to Reconsider shall not exceed five (5) pages.**

//

//

ORDER **-** 8

### *G.*     **Requests to Strike Material Contained in Motion or Briefs**

Requests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion.  The single exception to this rule is for requests to strike material contained in or attached to a reply brief, in which case the opposing party may file a surreply requesting that the court strike the material, subject to the following: 1) that party must file a notice of intent to file a surreply as soon after receiving the reply brief as practicable; 2) the surreply must be filed within five days of the filing of the reply brief, and shall be strictly limited to addressing the request to strike; any extraneous argument or a surreply filed for any other reason will not be considered; 3) the surreply shall not exceed three pages; 4) no response shall be filed unless requested by the court.

This does not limit a party's ability to file a motion to strike otherwise permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 12(f) motions to strike material in pleadings.  The term "pleadings" is defined in Fed. R. Civ. P. 7(a).

### *H.*     **Decisions on Motions**

Parties and counsel may call the Judge's chambers at 509-943-8160 to inquire about the status of a decision on a motion if the Court has not issued an order within thirty (30) days of the motion's hearing date.

**12.    Witness/Exhibit Lists**

Witness and exhibit lists shall be filed and served, and exhibits shall be made available for inspection or copies shall be provided to the parties, by no later than **May 24, 2019.**

*A.*    **Witness Lists**

Witness lists shall include a brief description of the witness, a brief summary of the witness' anticipated testimony, whether the witness will be called as an expert, and any known trial date/time conflicts that witness has.

*B.*    **Exhibit Lists**

Exhibit lists shall include a brief description of the exhibit. Additionally, all exhibits shall be pre-marked for identification; exhibits for Plaintiff shall be numbered 1-499, and exhibits for Defendants shall be numbered 500-999.

*C.*    **Objections**

Objections to witnesses/exhibits shall be filed and served on or before **May 31, 2019**, **and shall be heard at the pretrial conference.** All objections to witnesses shall set forth a legal basis and explanation for the objection. Objections to an exhibit, or portion thereof, shall be accompanied by a full and

complete copy of the exhibit in question and a short legal explanation for the objection. The party seeking the admission of the witness or exhibit has five (5) days, excluding federal holidays and weekends, to file a response to the opposing party's objection; no reply shall be filed.

### D. Exhibits Without Objection

Counsel shall prepare and file a list of all exhibits which will be admitted without objection no later than **July 19, 2019**.

### E. Exhibits for Jury Deliberations

Only those exhibits admitted <u>and</u> used during trial will be given to the jury during deliberations.

**13. Deposition Designations**

### A. Generally

Designation of substantive, as opposed to impeachment, deposition or prior testimony to be used at trial shall be highlighted -- in yellow by Plaintiff or in blue by Defendants -- and each party shall serve a complete, highlighted transcript of the deposition or prior testimony on or before **May 24, 2019.**

### B. Cross-Designations

Cross-designations shall be highlighted -- in yellow by Plaintiff or in blue by Defendants -- in the transcript containing the opposing party's initial designations, and shall be served on or before **June 7, 2019.**

### *C.* **Objections**

All objections to designated deposition or prior testimony and the legal bases for the objections, shall be filed and served on or before **June 14, 2019.** Any designated deposition or prior testimony objected to shall be underlined in black in a complete yellow/blue highlighted copy of the deposition/prior testimony transcript described above. A paper copy of the underlined document shall be filed and served with the objections. The party seeking admission of the testimony has five (5) days, excluding federal holidays and weekends, to file a response; no reply shall be filed. If the deposition was videotaped, and the videotape is to be used at trial, the party seeking to use the videotaped deposition shall indicate the relevant portion on both the written transcript and the videotape. Similarly, objections shall be made on the written transcript as explained above along with the applicable time stamp on the video tape noted. All objections to deposition and prior testimony designations shall be heard and resolved at the pretrial conference with the videotape available for display.

**14.    Motions in Limine**

All unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by motions in limine to be filed and served on or before **May 31, 2019.** Such motions will be addressed and resolved at the pretrial

ORDER **-** 12

conference. However, motions in limine may not reargue issues already decided by the Court.

**15.** **Pretrial Order**

*A.* **Generally**

A joint proposed pretrial order prepared in accordance with Local Rule 16.1(b) shall be filed on or before **June 11, 2019**. Counsel is instructed to e-mail the Pretrial Order, in Microsoft Word or text-only format, to MendozaOrders@waed.uscourts.gov.

*B.* **Exhibit List**

The list of exhibits contained in the Joint Proposed Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the Joint Proposed Pretrial Order, the parties shall confer regarding duplicative exhibits and determine which party will submit such exhibits for trial.

**16.** **Pretrial Conference**

An **in-person** pretrial conference will be held at **10:30 A.M. on June 25, 2019,** in **Spokane**, Washington. All counsel trying the case must be present at the pretrial conference.

//

//

//

ORDER **-** 13

**17.  Trial Briefs, Voir Dire, and Jury Instructions**

*A.*  **Generally**

Trial briefs, requested *voir dire*, and joint proposed jury instructions shall be filed and served on or before **July 19, 2019**.

*B.*  **Requested *Voir Dire***

Each party shall file suggested questions for the Court to ask during *voir dire*.

*C.*  **Trial Brief Length**

Trial briefs shall not exceed twenty (20) pages without prior court approval. LR 39.1.  To obtain court approval, a party must file a motion to file an over length brief, demonstrating good cause why supplemental briefing is necessary.

*D.*  **Jury Instructions**

The parties' joint proposed jury instructions shall be presented in the following format:

*(i) "Table of Contents"*

This section shall list the proposed instructions by number, brief title/subject-matter, and authority, i.e. Ninth Circuit Model Instruction No. ___, statute citation, or case citation.

*(ii) "Section I: Preliminary Instructions"*

ORDER **-** 14

This section shall include the language of all instructions the parties would like the Court to provide prior to opening statements, including a "statement of the case" and "undisputed facts" instructions. One instruction per page if possible, with citation to the authority for the instruction.

*(iii) "Section II: Final Instructions:*

This section shall include the language for all instructions the parties would like the Court to provide prior to closing arguments. One instruction per page if possible, with citation to the authority for the instruction. A party proposing a Jury Instruction that differs from a Ninth Circuit Model Civil Jury Instruction should submit a memorandum analyzing cases suggesting that modification; copies of pertinent cases, and a proposed jury instruction incorporating the modification. The Final Instructions section shall, at a minimum, include instructions regarding the elements of each claim or defense, the relief sought, and otherwise comply with Local Rule 51.1(c).

*(iv) "Section III: Verdict Form"*

This section shall include a proposed verdict form.

### E. Individually Proposed Jury Instructions

If the parties are unable to agree on certain instructions, they are to submit individually proposed jury instructions no later than the date the joint proposed instructions are due. All individually submitted proposed jury instructions must

ORDER - 15

adhere to the format described above for joint proposed instructions and not include instructions the parties are in agreement on.

### F.  Objections

Any objections to the opposing party's individually submitted proposed instructions must be filed no later than five (5) days, excluding federal holidays and weekends, after the individual proposed instructions were filed. All objections shall set forth the basis for the objection and briefly explain why the instruction in question should not be used or should be altered.

### G.  Courtesy Copies

Counsel are instructed to e-mail courtesy copies of their joint and individually proposed jury instructions, in Microsoft Word or text-only format, to MendozaOrders@waed.uscourts.gov.

**18.  Trial**

The estimated **5-day JURY TRIAL** shall commence at **9:00 A.M.** on **July 29, 2019,** in **Spokane**, Washington. The **final** pretrial conference will begin at **8:30 A.M**.

**19.  General Court Protocol**

### A.  Conduct of Counsel

Counsel are to read and abide by Local Rule 83.1 and Washington Rule of Professional Conduct 3.4.

ORDER **-** 16

### *B.*   **Exhibits at Hearings**

In accordance with Local Rule 83.1(g), each party shall bring to any hearing on the merits, photocopies of their relevant pre-marked exhibits for the Court, opposing counsel, and testifying witness, unless it is not possible to do so because of the nature of an exhibit.

### *C.*   **Exhibits for Trial**

As this Court now utilizes JERS (Jury Evidence Recording System) during trial, counsel shall submit and bring to the final Pretrial Conference all proposed exhibits on a DVD or CD.  The disc shall be labeled with the title of the case and the name of the party for whom the exhibits are submitted.  A hard copy of the party's exhibit list that includes the electronic file name for each exhibit shall be submitted with the DVD or CD.  Unless otherwise directed by the court, the disc will not be returned to counsel.  Parties shall be prepared, as is the usual practice, to submit hard copies of any exhibit admitted during trial.  Counsel shall contact the Courtroom Deputy, Ms. Brasel, at least one week prior to the pretrial conference to discuss the JERS system.

### *D.*   **Time Sensitive Material**

Any time-sensitive materials should be faxed to Chambers at 509-943-8161.

//

//

ORDER **-** 17

### *E.* **Emailing the Court**

Whenever a party emails documents, as required by the Court, to MendozaOrders@waed.uscourts.gov, those documents shall be in Microsoft Word or text-only format. Additionally, the subject line of the email shall be as follows: [Case Name; Case Number; Document Title; Label for Attached Document].

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

ORDER - 18

**20.    Summary of Deadlines**

| | |
|---|---|
| Rule 26(a)(1) exchange | **August 1, 2018** |
| Deadline to add parties, amend pleadings, and file for class certification | **March 8, 2019** |
| Rule 26(a)(2) expert reports produced to other parties and emailed to Court:<br>         Plaintiff - Initial Experts:<br>         Defendants – Initial Experts:<br>         Plaintiff - Rebuttal Experts: | <br><br>**November 27, 2018**<br>**December 27, 2018**<br>**January 10, 2019** |
| All interrogatories, requests for production, and requests for admission, served | **70 Days Before Discovery Cutoff** |
| Motions for protective orders filed | **40 Days Before Discovery Cutoff** |
| Motion to compel discovery filed | **30 Days Before Discovery Cutoff** |
| **Discovery Cutoff** | **February 22, 2019** |
| Notice of To-Be-Adjudicated Claims and Affirmative Defenses filed | **1 Week After Discovery Cutoff** |
| All dispositive, *Daubert*, and state certification motions filed | **April 23, 2019** |
| Witness and Exhibit lists:<br>         Lists filed and served:<br>         Objections filed and served: | <br>**May 24, 2019**<br>**May 31, 2019** |
| Deposition Designations:<br>         Designated Transcripts served:<br>         Cross-Designations served:<br>         Objections filed and served: | <br>**May 24, 2019**<br>**June 7, 2019**<br>**June 14, 2019** |
| All motions *in limine* filed | **May 31, 2019** |
| Joint Proposed Pretrial Order filed and emailed to the Court | **June 11, 2019** |
| Confer with Courtroom Deputy regarding JERS | **1 Week Before Pretrial** |
| **PRETRIAL CONFERENCE** | **June 25, 2019**<br>**10:30 A.M. - Spokane** |
| Trial briefs, jury instructions, verdict forms, requested voir dire, and list of exhibits admitted without objection, filed and emailed to the Court | **July 19, 2019** |

| Mediation, if any, must be completed by | **90 Days Before Trial** |
|---|---|
| **JURY TRIAL** | **July 29, 2019**<br>**9:00 A.M. - Spokane** |

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 2nd day of July 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER **-** 20