HONORABLE SALVADOR MENDOZA, JR.

MICHAEL E. McFARLAND, JR., #23000
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorneys for Defendants

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINE MIKALSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WHITMAN COUNTY, a Washington County; EUNICE COKER, an individual,<br><br>Defendants. | Case No. 2:18-cv-00141- SMJ<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT |

COME NOW Defendants Whitman County and Eunice Coker (collectively "Defendants"), by and through their attorneys of record, Evans, Craven & Lackie, P.S., and admit, deny, and allege as follows:

## I. STATEMENT OF THE CASE

No response is required for this portion of Plaintiff's Complaint. To the extent a response is required, Defendants deny all allegations of liability that may be contained in Plaintiff's Statement of the Case.

ANSWER - page 1

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

## II. PARTIES, JURISDICTION AND VENUE

2.1    Defendants admit that Plaintiff is a former Whitman County employee, but lack sufficient information to admit or deny Plaintiff's current residence and therefore deny the same.

2.2    Defendants admit Paragraph 2.2 of Plaintiff's Complaint.

2.3    The allegations contained in Paragraph 2.3 of Plaintiff's Complaint constitute legal conclusions to which no response is deemed necessary. To the extent a response is required, Defendants deny all allegations of liability that may be contained in Paragraph 2.3.

2.4    Defendants admit that Eunice Coker is a resident of Whitman County.

2.5    Defendants admit that jurisdiction is proper in this court.

2.6    Defendants admit that venue is proper in this court.

2.7    Defendants admit that Plaintiff filed a tort claim pursuant to RCW 4.96 and that Defendants did not respond to the same.

## III.    FACTUAL ALLEGATIONS

3.1    Defendants admit the allegations contained in Paragraph 3.1 of Plaintiff's Complaint.

ANSWER - page 2

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

3.2    Defendants admit Ms. Coker has served as Whitman County Auditor since 2002 and that from that time to Plaintiff's retirement, Ms. Coker was Plaintiff's supervisor and appointing authority. However, Plaintiff's employment with the Whitman County Auditor's office pre-dates Ms. Coker's tenure as auditor, so Defendants therefore deny Ms. Coker served as auditor at all times relevant to Plaintiff's Complaint.

3.3    Defendants admit the Whitman County Auditor's office has made ballot errors and has failed state audits, but deny the remainder of the allegations in Paragraph 3.3 of Plaintiff's Complaint.

3.4    Defendants deny the allegations in Paragraph 3.4 of Plaintiff's Complaint.

3.5    Defendants admit Plaintiff complained to the Equal Employment Opportunity Commission, the Washington State Department of Labor and Industries, and her union representatives. Defendants lack sufficient information to admit or deny the remainder of Plaintiff's allegations in Paragraph 3.5 of Plaintiff's Complaint, and therefore deny the same. Defendants deny all liability and any allegation of wrongdoing contained in Paragraph 3.5 of Plaintiff's Complaint.

3.6    Defendants deny the allegations in Paragraph 3.6 of Plaintiff's Complaint.

3.7    Defendants do not have sufficient information to admit or deny the allegations in Paragraph 3.7 of Plaintiff's Complaint and therefore deny the same.

3.8    Defendants admit Plaintiff used medical leave for the purported purpose of caring for her daughters but deny any remaining allegations in Paragraph 3.8 of Plaintiff's Complaint.

3.9    Defendants deny the allegations in Paragraph 3.9 of Plaintiff's Complaint.

3.10    Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 3.10 of Plaintiff's Complaint and therefore deny the same.

3.11    Defendants deny the allegation in Paragraph 3.11 of Plaintiff's Complaint.

3.12    Defendants deny the allegation in Paragraph 3.12 of Plaintiff's Complaint.

3.13    Defendants admit that Ms. Coker inquired about Plaintiff's performance to the Washington State Department

of Licensing and that Ms. Coker shared this information with a member of the community, but deny all other allegations in Paragraph 3.13 of Plaintiff's Complaint.

3.14 Defendants deny the allegations contained in Paragraph 3.14 of Plaintiff's Complaint.

3.15 Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 3.15 of Plaintiff's Complaint, and therefore deny the same. Defendants deny that Ms. Coker harassed, discriminated against, or retaliated against the Plaintiff, and deny all liability in this matter.

3.16 Defendants deny the allegations contained in Paragraph 3.16 of Plaintiff's Complaint.

3.17 Defendants deny the allegations contained in Paragraph 3.17 of Plaintiff's Complaint.

3.18 Defendants admit that on a few occasions, Ms. Coker directed employees to monitor Ms. Mikalson's work performance. Defendants deny all remaining allegations in Paragraph 3.18 of Plaintiff's Complaint.

3.19 Defendants deny all allegations contained in Paragraph 3.19 of Plaintiff's Complaint.

///

ANSWER - page 5

## IV.    FIRST CAUSE OF ACTION

### Violations of the Family and Medical Leave Act

4.1    Defendants re-assert their responses to Paragraphs 1.1 through 3.19.

4.2    Defendants deny the allegations in Paragraph 4.2 of Plaintiff's Complaint, including but not limited to all allegations of liability.

4.3    Defendants deny the allegations in Paragraph 4.3 of Plaintiff's Complaint.

## V. SECOND CAUSE OF ACTION

### Violations of the Washington Family and Medical Leave Act

5.1    Defendants re-assert their responses to Paragraphs 1.1 through 4.3.

5.2    Defendants deny all allegations in Paragraph 5.2 of Plaintiff's Complaint, including but not limited to all allegations of liability.

5.3    Defendants deny the allegations in Paragraph 5.3 of Plaintiff's Complaint.

## VI.    THIRD CAUSE OF ACTION

### Retaliation

6.1    Defendants re-assert their responses to Paragraphs 1.1 through 5.3.

6.2    Defendants deny all allegations in Paragraph 6.2 of Plaintiff's

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Complaint, including but not limited to all allegations of liability.

6.3    Defendants deny the allegations in Paragraph 6.3 of Plaintiff's Complaint.

## VII.    FOURTH CAUSE OF ACTION

### Retaliation

7.1    Defendants re-assert their responses to Paragraphs 1.1 through 6.3.

7.2    Defendants deny all allegations in Paragraph 7.2 of Plaintiff's Complaint, including but not limited to all allegations of liability.

7.3    Defendants deny the allegations in Paragraph 7.3 of Plaintiff's Complaint.

## VIII.    FIFTH CAUSE OF ACTION

### Defamation

8.1    Defendants re-assert their responses to Paragraphs 1.1 through 7.3.

8.2    Defendants deny all allegations in Paragraph 8.2 of Plaintiff's Complaint, including but not limited to all allegations of liability.

8.3    Defendants deny the allegations in Paragraph 8.3 of Plaintiff's Complaint.

///
///
///

ANSWER - page 7

## JURY DEMAND

Defendants join Plaintiff's demand for a jury.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief from them in this case. Defendants deny all allegations of liability, as well as the existence, nature and extend of Plaintiff's claimed injuries and damages.

To the extent any allegation in Plaintiff's Complaint is not admitted, or a lack of knowledge claims, Defendants deny said allegations.

## AFFIRMATIVE DEFENSES

A.  The injuries and damages claimed by Plaintiff are the result of Plaintiff's own actions or inactions.

B.  Defendant Eunice Coker at all times acted in good faith and is entitled to qualified immunity.

C.  Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

D.  Plaintiff has failed to state a claim upon which relief can be granted.

E.  Plaintiff was an exempt employee under the FMLA and the WFMLA.

F.   Defendants reserve the right to amend their Answer to include additional affirmative defenses and/or counterclaim that may more fully develop and/or any counterclaim to third party action that may be appropriate.

### DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that Judgment be entered against Plaintiff as follows:

1. Judgment dismissing Plaintiff's Complaint with prejudice;

2. Reasonable attorney fees and costs; and

3. For such other and further relief as the Count deems equitable.

DATED this 12th day of July, 2018.

                          EVANS, CRAVEN & LACKIE, P.S.

By:   *s/ Michael E. McFarland, Jr.*
       MICHAEL E. McFARLAND, JR., #23000
       SEAN E. HARKINS, #51113
       Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**<u>*Counsel for Plaintiff*</u>**
Spencer Nathan Thal
Vanguard Law
P.O. Box 939
Poulsbo, WA  98370
Email:  spencer@vanguardlawfirm.com

   s/   Michael E. McFarland, Jr.
MICHAEL E. McFARLAND, #23000
Attorney for Defendants
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Suite 250
Spokane, Washington  99201
(509) 455-5200
(509) 455-3632 Facsimile
MMcFarland@ecl-law.com