1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

3

UNITED STATES DISTRICT COURT    Jan 16, 2019
EASTERN DISTRICT OF WASHINGTON    SEAN F. McAVOY, CLERK

4

5

CHRISTINE MIKALSON, an individual,

No.   2:18-CV-00141-SMJ

**AMENDED SCHEDULING ORDER**

6

Plaintiff,

7

v.

8

9

WHITMAN COUNTY, a Washington County; and EUNICE COKER, an individual,

10

Defendants.

11

12

Before the Court, without oral argument, is the parties' Stipulated Motion to Continue Trial Date and Amend Case Scheduling Order, ECF No. 15. After reviewing the pleadings and the file in this matter, the Court finds good cause to grant the motion. Accordingly, **ECF No. 15** is **GRANTED**. The Court now enters the following Amended Scheduling Order.[1] The dates set forth in this Order may be amended **only** by Order of the Court and upon a showing of good cause.

13

14

15

16

17

//

18

//

19

20

---

[1] This Order amends and supersedes the Court's July 2, 2018 Scheduling Order, ECF No. 12.

AMENDED SCHEDULING ORDER **- 1**

**IT IS ORDERED:**

**1.      Rule 26(a)(1) Exchange**

The parties have completed their exchange of Federal Rule of Civil Procedure 26(a)(1) material.

**2.      Mediation by Federal Magistrate Judge**

If the parties have not reached a resolution by **September 27, 2019**, the Court will refer this matter to Magistrate Judge Rodgers for settlement purposes. In addition, the parties shall file a status report by **October 4, 2019** regarding the settlement process.

If the parties would like to pursue mediation before a Federal Magistrate Judge at an earlier date, the parties shall file an appropriate motion with the Court. However, if the parties elect to engage in private mediation, the mediation must be **completed** no later than ninety (90) days prior to trial.

**3.      Add Parties, Amend Pleadings, and Class Certification**

The parties shall, no later than **October 8, 2019**, file any documents related to the amendment of pleadings or the addition of parties. Additionally, the parties shall file any motion for class certification no later than **October 8, 2019**.

**4.      Rule 26(a)(2) Expert Identification and Reports**

  *A.* **Generally**

The parties are warned that failure to timely identify experts and provide

reports in accordance with Rule 26 and this Order may result in exclusion of such testimony absent good reason. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005). Additionally, Rule 26(a)(2) reports shall be emailed to the Court at MendozaOrders@waed.uscourts.gov.

### *B.*    **Plaintiff - Initial Expert Identification**

Plaintiff shall identify experts, serve those experts' Rule 26(a)(2) reports on Defendants, and email the Rule 26(a)(2) reports to the Court no later than **June 28, 2019**. Plaintiff shall also provide dates for which those experts can be available for deposition. Counsel must then file a notice with the Court indicating their compliance with this Order's Rule 26(a)(2) requirements.

### *C.*    **Defendants - Initial Expert Identification**

Defendants shall identify experts, serve those experts' Rule 26(a)(2) reports on Plaintiff, and email the Rule 26(a)(2) reports to the Court no later than **July 29, 2019**. Defendants shall also provide dates for which those experts can be available for deposition. Counsel must then file a notice with the Court indicating their compliance with this Order's Rule 26(a)(2) requirements.

### *D.*    **Plaintiff - Rebuttal Expert Identification**

Plaintiff shall identify rebuttal experts, serve those experts' Rule 26(a)(2) reports on Defendants, and email the Rule 26(a)(2) reports to the Court no later than **August 12, 2019**. Plaintiff shall also provide dates for which those experts can be

available for deposition. Counsel must then file a notice with the Court indicating their compliance with this Order's Rule 26(a)(2) requirements.

**5.    Discovery Cutoff**

**A.    Generally**

All discovery, including depositions and perpetuation depositions, shall be completed by **September 24, 2019** ("Discovery Cutoff"). The parties shall not file discovery on CM/ECF except those portions necessary to support motions or objections.

**B.    Interrogatories, Requests for Production, and Requests for Admission**

All interrogatories, requests for production, and requests for admission shall be served on the opposing party no later than seventy (70) days prior to the Discovery Cutoff. Requests for production shall be limited to thirty (30) requests, including subsections. A party needing relief from this limitation should seek relief from the Court by motion.

**C.    Protective Orders**

All motions for protective orders must be filed and served no later than forty (40) days prior to the Discovery Cutoff.

**D.    Motions to Compel**

All motions to compel discovery must be filed and served no later than thirty (30) days prior to the Discovery Cutoff.

AMENDED SCHEDULING ORDER **-** 4

**6.    Notice of To-Be-Adjudicated Claims and Affirmative Defenses**

Each party shall file and serve a notice **no later than one (1) week after the Discovery Cutoff** indicating which previously-plead claims and/or affirmative defenses will be adjudicated at trial.

**7.    Dispositive and *Daubert* Motions**

### *A.    Generally*

All dispositive and *Daubert* motions shall be **FILED AND SERVED** on or before **November 22, 2019**. Responses and replies to dispositive and *Daubert* motions shall be filed and served according to Local Civil Rule 7. No supplemental responses or supplemental replies to any dispositive or *Daubert* motions may be filed unless the Court grants a motion to file such documents.

### *B.    Statement of Uncontroverted Facts*

The parties shall also file a Joint Statement of Uncontroverted Facts **no later than three (3) days** (excluding federal holidays and weekends) after service of the reply, with a courtesy copy emailed to MendozaOrders@waed.uscourts.gov.

### *C.    Notice of Hearing*

Dispositive and *Daubert* motions shall be noted for hearing at least **fifty (50) days** after the date of filing. The parties will receive only one (1) hearing date per month for dispositive motions of up to five (5) issues per party.

//

AMENDED SCHEDULING ORDER - 5

### 8.   Certification to the State Supreme Court

The parties must identify any issue of liability or damages which should be certified to the Washington State Supreme Court no later than the date for the filing of dispositive motions.

### 9.   Motion Practice

#### A.   Notice of Hearing

All matters requiring Court action must be filed and noted for hearing in accordance with Local Civil Rule 7. This includes stipulated or agreed motions and proposed orders. If a party seeks oral argument, counsel shall contact the Courtroom Deputy at 509-943-8173 to obtain a hearing date and time. **Absent exceptional circumstances, all hearings with oral argument will occur in Court and not by telephone or video conference.**

#### B.   Witness Testimony

At any hearing, including trial, in which witness testimony is given, the witness must testify in Court and may not appear by telephone or video conference, absent exceptional circumstances.

#### C.   Citing Previously-Filed Documents

When a party references a document previously filed with or by the Court, the party shall cite to the document by the record number given to the document by the Clerk of the Court (e.g., ECF No. 43). Furthermore, because the Court is able to

easily review previously-filed court records, no such documents shall be attached as exhibits to any filing.

### D.    Reliance on Deposition Testimony

When a party relies on deposition testimony to support a position it takes in support or opposition to an issue, that party shall provide the Court <u>with only the pertinent excerpts</u> of the deposition testimony relied upon and shall cite to page and line numbers of the deposition it believes supports its position. *See generally* LCivR 56(c)(1), (e). Submission of the entire deposition and/or failure to cite to specific portions of the deposition may result in the submission being stricken from the record. *See Orr v. Bank of Am*, 285 F.3d 764, 774–75 (9th Cir. 2002).

In addition, if both parties submit excerpts from the same deposition, they shall meet and confer to develop a "master" deposition submission, which identifies for the Court the deposition excerpts relied upon by each party. Plaintiff shall highlight excerpts in yellow and Defendants shall highlight excerpts in blue; testimony relied upon by both parties shall be underlined. Master deposition submissions shall be filed no later than three (3) days after service of the reply.

### E.    Supplemental Responses or Replies

No supplemental responses or supplemental replies to any motion may be filed unless the Court grants a motion to file such documents.

*//*

### F.   Motions to Reconsider

Although motions to reconsider are disfavored, any such motion shall be filed no later than fourteen (14) days after the filing date of the order that is the subject of the motion, and shall be noted for hearing **without oral argument**. No responses or replies to motions to reconsider shall be filed unless the Court expressly requests responses or replies. Counsel shall follow Civil Rule 7(h) of the Local Rules for the United States District Court for the **Western District of Washington**. **Motions to reconsider shall not exceed five (5) pages.**

### G.   Requests to Strike Material Contained in Motion or Briefs

Requests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion. The single exception to this rule is for requests to strike material contained in or attached to a reply brief, in which case the opposing party may file a surreply requesting that the Court strike the material, subject to the following: (i) that party must file a notice of intent to file a surreply as soon after receiving the reply brief as practicable; (ii) the surreply must be filed within five (5) days of the filing of the reply brief, and shall be strictly limited to addressing the request to strike; any extraneous argument or a surreply filed for any other reason will not be considered; (iii) the surreply shall not exceed three (3) pages; and (iv) no response

shall be filed unless requested by the Court.

This does not limit a party's ability to file a motion to strike otherwise permitted by the Federal Rules of Civil Procedure, including Rule 12(f) motions to strike material in pleadings. The term "pleadings" is defined in Rule 7(a).

### *H.*    **Decisions on Motions**

The parties and counsel may call the Judge's chambers at 509-943-8160 to inquire about the status of a decision on a motion if the Court has not issued an order within thirty (30) days of the motion's hearing date.

### 10.    **Witness and Exhibit Lists**

Witness and exhibit lists shall be filed and served, and exhibits shall be made available for inspection or copies shall be provided to the parties, no later than **December 20, 2019**.

### *A.*    **Witness Lists**

Witness lists shall include a brief description of the witness, a brief summary of the witness's anticipated testimony, whether the witness will be called as an expert, and any known trial date or time conflicts that witness has.

### *B.*    **Exhibit Lists**

Exhibit lists shall include a brief description of the exhibit. Additionally, all exhibits shall be pre-marked for identification; exhibits for Plaintiff shall be numbered 1–499, and exhibits for Defendants shall be numbered 500–999.

### C.    Objections

Objections to witnesses or exhibits shall be filed and served on or before **December 30, 2019**, **and shall be heard at the pretrial conference**. All objections to witnesses shall set forth a legal basis and explanation for the objection. Objections to an exhibit, or portion thereof, shall be accompanied by a full and complete copy of the exhibit in question and a short legal explanation for the objection. The party seeking admission of the witness or exhibit has five (5) days, excluding federal holidays and weekends, to file a response to the opposing party's objection; no reply shall be filed.

### D.    Exhibits Without Objection

Counsel shall prepare and file a list of all exhibits which will be admitted without objection no later than **February 18, 2020**.

### E.    Exhibits for Jury Deliberations

Only those exhibits admitted <u>and</u> used during trial will be given to the jury during deliberations.

## 11.    Deposition Designations

### A.    Generally

Designation of substantive, as opposed to impeachment, deposition or prior testimony to be used at trial shall be highlighted—in yellow by Plaintiff or in blue by Defendants—and each party shall serve a complete, highlighted transcript of the

deposition or prior testimony on or before **December 20, 2019**.

### B.    Cross-Designations

Cross-designations shall be highlighted—in yellow by Plaintiff or in blue by Defendants—in the transcript containing the opposing party's initial designations, and shall be served on or before **January 3, 2020**.

### C.    Objections

All objections to designated deposition or prior testimony and the legal bases for the objections, shall be filed and served on or before **January 10, 2020**. Any designated deposition or prior testimony objected to shall be underlined in black in a complete yellow and blue highlighted copy of the deposition or prior testimony transcript described above. A paper copy of the underlined document shall be filed and served with the objections. The party seeking admission of the testimony has five (5) days, excluding federal holidays and weekends, to file a response; no reply shall be filed. If the deposition was video recorded and the recording is to be used at trial, the party seeking to use the recorded deposition shall indicate the relevant portion on both the written transcript and the recording. Similarly, objections shall be made on the written transcript as explained above along with the applicable time stamp on the video recording noted. All objections to deposition and prior testimony designations shall be heard and resolved at the pretrial conference with the video recording available for display.

**12.    Motions *in Limine***

All unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by motions *in limine* to be filed and served on or before **December 30, 2019**. Such motions will be addressed and resolved at the pretrial conference. However, motions *in limine* may not reargue issues already decided by the Court.

**13.    Pretrial Order**

**A.    Generally**

A Joint Proposed Pretrial Order prepared in accordance with Local Civil Rule 16(e) shall be filed on or before **January 28, 2020**. Counsel are instructed to email the proposed order, in Microsoft Word or text-only format, to MendozaOrders@waed.uscourts.gov.

**B.    Exhibit List**

The list of exhibits contained in the Joint Proposed Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the Joint Proposed Pretrial Order, the parties shall confer regarding duplicative exhibits and determine which party will submit such exhibits for trial.

**14.    Pretrial Conference**

An **in-person** pretrial conference will be held at **10:00 AM** on **February 11, 2020**, in **Spokane**, Washington. All counsel trying the case must be present at the

pretrial conference.

**15.    Trial Briefs, *Voir Dire*, and Jury Instructions**

    *A.*    **Generally**

Trial briefs, requested *voir dire*, and joint proposed jury instructions shall be filed and served on or before **February 18, 2020**.

    *B.*    **Requested *Voir Dire***

Each party shall file suggested questions for the Court to ask during *voir dire*.

    *C.*    **Trial Brief Length**

Trial briefs shall not exceed twenty (20) pages without prior Court approval. To obtain such approval, a party must file a motion to file an over-length brief, demonstrating good cause why supplemental briefing is necessary.

    *D.*    **Jury Instructions**

The parties' joint proposed jury instructions shall be presented in the following format:

*(i) "Table of Contents"*

This section shall list the proposed instructions by number, brief title or subject-matter, and authority, i.e., Ninth Circuit model instruction number, statute citation, or case citation.

*(ii) "Section I: Preliminary Instructions"*

This section shall include the language of all instructions the parties would

AMENDED SCHEDULING ORDER - 13

like the Court to provide prior to opening statements, including a "statement of the case" and "undisputed facts" instructions. One (1) instruction per page if possible, with citation to the authority for the instruction.

*(iii) "Section II: Final Instructions"*

This section shall include the language for all instructions the parties would like the Court to provide prior to closing arguments. One (1) instruction per page if possible, with citation to the authority for the instruction. A party proposing an instruction that differs from a Ninth Circuit model instruction should submit a memorandum analyzing cases suggesting that modification, and providing copies of pertinent cases and a proposed instruction incorporating the modification. The final instructions section shall, at a minimum, include instructions regarding the elements of each claim or defense and the relief sought, and shall otherwise comply with Local Civil Rule 51(a).

*(iv) "Section III: Verdict Form"*

This section shall include a proposed verdict form.

### E.    Individually Proposed Jury Instructions

If the parties are unable to agree on certain instructions, they are to submit individually proposed jury instructions no later than the date the joint proposed instructions are due. All individually submitted proposed instructions must adhere to the format described above for joint proposed instructions and not include

instructions the parties are in agreement on.

### F.    Objections

Any objections to the opposing party's individually submitted proposed instructions must be filed no later than five (5) days, excluding federal holidays and weekends, after the individual proposed instructions were filed. All objections shall set forth the basis for the objection and briefly explain why the instruction in question should not be used or should be altered.

### G.    Courtesy Copies

Counsel are instructed to email courtesy copies of their joint and individually proposed jury instructions, in Microsoft Word or text-only format, to MendozaOrders@waed.uscourts.gov.

### 16.    Trial

The estimated **5-day JURY TRIAL** shall commence at **9:00 AM** on **March 9, 2020**, in **Spokane**, Washington. The **final** pretrial conference will begin at **8:30 AM**.

### 17.    General Court Protocol

### A.    Conduct of Counsel

Counsel are to read and abide by Local Civil Rule 83.1 and Washington Rule of Professional Conduct 3.4.

*//*

### B.    Exhibits at Hearings

In accordance with Local Civil Rule 83.1(f), each party shall bring to any hearing on the merits, photocopies of their relevant pre-marked exhibits for the Court, opposing counsel, and testifying witness, unless it is not possible to do so because of the nature of an exhibit.

### C.    Exhibits for Trial

As the Court now utilizes JERS (Jury Evidence Recording System) during trial, counsel shall submit two (2) weeks prior to trial all proposed exhibits on a digital video disc ("DVD") or compact disc ("CD"). The disc shall be labeled with the title of the case and the name of the party for whom the exhibits are submitted. A hard copy of the party's exhibit list that includes the electronic file name for each exhibit shall be submitted with the DVD or CD. Unless otherwise directed by the Court, the disc will not be returned to counsel. The parties shall be prepared, as is the usual practice, to submit hard copies of any exhibit admitted during trial. Counsel shall contact the Courtroom Deputy, Debbie Brasel, at least one (1) week prior to the pretrial conference to discuss the JERS system.

### D.    Time Sensitive Material

Any time-sensitive materials should be faxed to the Judge's chambers at 509-943-8161.

//

AMENDED SCHEDULING ORDER - 16

### E.    Emailing the Court

Whenever a party emails documents, as required by the Court, to MendozaOrders@waed.uscourts.gov, those documents shall be in Microsoft Word or text-only format. Additionally, the subject line of the email shall be as follows: [Case Name; Case Number; Document Title; Label for Attached Document].

## 18.    Summary of Deadlines

| | |
|---|---|
| Rule 26(a)(1) exchange | **Completed** |
| Deadline to add parties, amend pleadings, and file for class certification | **October 8, 2019** |
| Rule 26(a)(2) expert reports produced to other parties and emailed to the Court:<br>    Plaintiff – Initial Experts:<br>    Defendants – Initial Experts:<br>    Plaintiff – Rebuttal Experts: | <br><br>**June 28, 2019**<br>**July 29, 2019**<br>**August 12, 2019** |
| All interrogatories, requests for production, and requests for admission, served | **70 Days Before Discovery Cutoff** |
| Motions for protective orders filed | **40 Days Before Discovery Cutoff** |
| Motions to compel discovery filed | **30 Days Before Discovery Cutoff** |
| **Discovery Cutoff** | **September 24, 2019** |
| Notice of to-be-adjudicated claims and affirmative defenses filed | **1 Week After Discovery Cutoff** |
| All dispositive, *Daubert*, and state certification motions filed | **November 22, 2019** |
| Witness and exhibit lists:<br>    Lists filed and served:<br>    Objections filed and served: | <br>**December 20, 2019**<br>**December 30, 2019** |
| Deposition designations:<br>    Designated transcripts served:<br>    Cross-designations served:<br>    Objections filed and served: | <br>**December 20, 2019**<br>**January 3, 2020**<br>**January 10, 2020** |
| All motions *in limine* filed | **December 30, 2019** |

| Joint Proposed Pretrial Order filed and emailed to the Court | **January 28, 2020** |
|---|---|
| Confer with Courtroom Deputy regarding JERS | **1 Week Before Pretrial Conference** |
| **PRETRIAL CONFERENCE** | **February 11, 2020 10:00 AM - Spokane** |
| Trial briefs, jury instructions, verdict forms, requested *voir dire*, and list of exhibits admitted without objection, filed and emailed to the Court | **February 18, 2020** |
| Exhibits for trial | **2 Weeks Before Trial** |
| Referral to Magistrate Judge | **September 27, 2019** |
| Mediation, if any, must be completed by | **90 Days Before Trial** |
| **JURY TRIAL** | **March 9, 2020 9:00 AM - Spokane** |

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 16th day of January 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge